UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **JAMES LANDRY** | |
| **Plaintiff** | **DOCKET NO. 6:24-cv-72** |
| v. | |
| **LHC GROUP INC.** | **JUDGE** |
| **Defendant.** | **MAGISTRATE** |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, defendant, LHC Inc., ("LHC" or "Defendant") hereby removes the instant action from the 15th Judicial District Court for the Parish of Lafayette to the United States District Court for the Western District of Louisiana. The grounds for removal are as follows:

## LITIGATION FACTS

1. On December 6, 2023, plaintiff James Landry ("Landry") filed a Petition ("Petition") against LHC Group, Inc. ("LHC") captioned *James Landry versus LHC Group Inc.* and bearing Case No. C-20236856.

2. LHC was served with plaintiff's Petition on December 20, 2023.

3. Defendant has neither served nor filed any answer or responsive pleading to the Petition nor made any appearance or argument before the 15th Judicial District Court for the Parish of Lafayette in this matter.

4. Defendant is the only Defendant named and served in this matter at the time of this removal.

5. As this Notice is filed with this Court within thirty (30) days after LHC was served with a copy of the Petition upon which this action is based, and before any proceedings were had thereupon in the state court, this removal is timely pursuant to 28 U.S.C. § 1446(b).

6. In accordance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, documents, and orders that have been served upon LHC are attached hereto as Exhibit "A." The attached Exhibit A comprises the entire state court record in this matter.

## FEDERAL QUESTION

7. The Complaint establishes that there is a federal question. Plaintiff states he filed charges of employment discrimination with the Equal Employment Opportunity Commission ("EEOC"), a federal agency responsible for addressing allegations of discrimination under certain federal laws, and he requests punitive damages, damages which are only available under the Americans with Disabilities Act ("ADA"). Plaintiff's submission of federal ADA allegations to the EEOC and request for punitive damages establishes the existence of a federal question.

8. While it is worth noting that Plaintiff cites neither state nor federal law in the petition, it is clear that federal jurisdiction is applicable herein as the relief sought can only be obtained through federal law. Specifically, Plaintiff asserts he is entitled to punitive damages (Plaintiff's Petition, ¶7).

9. Under Louisiana Civil Code Article 3546, punitive damages may not be awarded by a court unless specifically provided for so in law.

10. Under La. R.S. 23:323, Louisiana's anti-discrimination in employment law, punitive damages are not even mentioned, much less provided for.

11. However, punitive damages are contemplated under the ADA, a federal law. Under 42 U.S.C. § 1981(a)(2), punitive damages and attorney's fees can be assessed to a defendant when

the employment discrimination was proved to be intentional. Plaintiff is pursuing both types of damages.

12. This honorable Court has previously held, "[p]unitive damages is a damages element which is cognizable under the ADA but not under the Louisiana Employment Discrimination Law." See *Souther v. Cardiovascular Inst. of the S.*, 2010 U.S. Dist. LEXIS 31060, at *7 n.4 (W.D. La. Mar. 29, 2010).

13. It is well settled that when the types of damages sought are only available under the ADA and the plaintiff has not asserted state law right to relief in the petition, removal is proper.

14. Both the District Courts for the Eastern and Middle Districts of Louisiana have denied motions to remand where a Plaintiff has pursued punitive damages for disability discrimination in the employment setting. See *Luna v. Debusk Servs. Grp., LLC*, 2018 U.S. Dist. LEXIS 179299, at *8 (M.D. La. Sep. 24, 2018). See also *Firmin v. Richard Constr., Inc.*, 2013 U.S. Dist. LEXIS 102859, at *8 (E.D. La. July 23, 2013).

15. Plaintiff's petition, on its face, asserts a federal question which warrants federal jurisdiction.

## REMOVAL

16. Venue for this removal action is proper pursuant to 28 U.S.C. § 1441 as the United States District Court for the Western District of Louisiana encompasses Lafayette Parish, Louisiana where the original Petition was filed.

17. LHC submits this Notice of Removal without waiving any defenses to the claims asserted by plaintiff or conceding that plaintiff has pled claims upon which relief can be granted.

18. Contemporaneously with this filing, LHC also files a Notification of Removal with the 15th Judicial District Court for the Parish of Lafayette, as required by 28 U.S.C. §1446(d). A true and accurate copy of the Notification of Removal is attached hereto as Exhibit "B."

Dated: January 19, 2024.

Respectfully submitted,

*/s/ Adrienne M. Wood*
Andrew J. Baer (La. Bar #35638)
Andrew.Baer@jacksonlewis.com
Adrienne M. Wood (La. Bar # 38448)
Adrienne.Wood@jacksonlewis.com
**JACKSON LEWIS P.C.**
601 Poydras Street, Suite 1400
New Orleans, Louisiana 70130
Telephone: (504) 208-1755
Facsimile: (504) 208-1759

**COUNSEL FOR DEFENDANT,
LHC GROUP, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of January, 2024, a copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system that served notice on all users registered for electronic notice. I further certify that I forwarded a copy of the foregoing to:

Gregory J. Miller
MILLER, HAMPTON & HILGENDORF
3960 Government Street
Baton Rouge, Louisiana 70806
gjm@mlhlaw.com

via electronic and U. S. Mail, postage prepaid.

*/s/ Adrienne M. Wood*
Adrienne M. Wood

4